The opinion of the court was delivered by
Spencer, J.
Plaintiffs’ petition alleges in substance that 'on the 25th of January, 1875, W. Jasper Blackburn was owner of four State warrants •aggregating $9579 25. That about said date said warrants were robbed or stolen from Blackburn, and shortly after came into possession, of *62 Barnett & Cammack, who placed them in Abrams’ hands, as broker, for sale; that Abrams sold them to Moore, Janney & Hyams for $2514 55 that with the view of guarding against loss or injury from want of proper indorsement of said warrants there was an understanding and agreement with Barnett & Cammack — to whom Abrams paid proceeds of sale, less $135, by certified check on Mechanics’ & Traders’ Bank— that said Barnett & Cammack would, in their settlement with the party for whose account they were disposing of said warrants, give their check to the order of O. S. Blackburn, to whom or to whose order as petitioner then believed, said warrants were also payable; that Barnett & Cam-mack deposited the check received by them from Abrams in the Union National Bank, and upon the strength of said deposit the Bank certified as good their, Barnett & Cammack’s, check upon itself for $2322 43 payable to the order of C. S. Blackburn; that afterward the check of Barnett & Cammack was improperly altered so as to make the same payable to bearer, and that in its altered form the said check was presented, and paid by the Bank, not to C. S. Blackburn, but to some other wholly unauthorized person. It is further alleged that W. Jasper Blackburn, the true owner of said warrants, subsequently recovered them from Moore, Janney & Hyams ; that had the Union Bank refused to honor the altered check, as it. should have done, then plaintiffs could have saved themselves by reclaiming their check given to Barnett & Cammack, or its amount as represented by the said altered check, etc.
The Bank excepted that plaintiffs’ petition did not disclose any legal cause of action. This exception was sustained, and plaintiff appeals.
There is no error in the judgment. There is no pretense of allegagation that the Bank knew of, or was privy to the alleged agreement or understanding with Barnett & Cammack, to draw their check to order' of C. S. Blackburn. There is no intimation that Blackburn ever knew or assented to the certification of the check in his favor, or ever held it for a moment. See Morse on Banks and Banking, p. 287. On the contrary, the allegation is that Barnett & Cammack, who held the check when certified, themselves altered it before parting with it. What right had the Bank to object to the change, when made by the drawer" before any third person had acquired any rights in or under the check? The Bank knew nothing of the “arrangement” between plaintiffs and Barnett & Cammack, and therefore had no right to suppose that the latter were doing a wrong. If I draw my cheek on the Bank to the order of another, and myself procure its certification, until I part with the check, or, certainly, until the payee has consented to accept the stipulation in his favor, I may withdraw it, and the Bank could not refuse to cancel or redeem the check in my hands. Like any other stipulation pour autrui, until accepted it may be revoked.
*63 It was of the essence of plaintiffs’ case that they should have alleged that the Bank at least knew of the “arrangement” or “agreement” referred to. Without such allegation there is no legal cause of complaint against the Bank — there was no fault on its part which rendered it liable to plaintiffs.
The judgment is affirmed.